DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE COUNTY OF BERGEN.

HOME OWNERS' LOAN CORPORATION, A BODY CORPO-
RATE OF THE UNITED STATES, PLAINTIFF, v. ERNEST
ARIANS AND MARGARET M. ARIANS, HIS WIFE, DE-
FENDANTS.

340

For the plaintiff, *Florence North-Allard.*

Defendants appearing *per se.*

RANDALL, D. C. J.   The plaintiff in the cause seeks possession of premises known as 86 West Central Avenue, Bergenfield, Bergen County, New Jersey, now occupied by the defendants as tenants from month to month.   The defendants have always paid their rent and the sole reason for the plaintiff desiring possession of the premises is due to the fact the property has been sold.   The plaintiff comes into court alleging these facts in the affidavit and in addition thereto that the usual thirty day notice has been given the defendants in accordance with 2:58–22, *subd. b,* Revised Statutes of New Jersey, 1937; *N. J. S. A.* 2:58–22, *subd. b.*   The plaintiff admits it has not complied with the rules promulgated by the Office of Price Administration on June 1st, 1943, under the authority vested in it by the Emergency Price Control Act of 1942, 50 *U. S. C. A. Appendix,* §§ 901, *et seq.,* and says these rules do not apply to the Home Owners' Loan Corporation because of Public Law 90, chapter 145, laws of the 78th Congress, approved June 26th, 1943, 57 *Stat.* 169.

The plaintiff has not offered proof before this court of any regulation established by the Federal Home Loan Bank Commissioner providing for obtaining possession of the premises without complying with the Office of Price Administration regulations.

The act cited *supra* was purely a war measure designed to prevent inflation of rents in defense-rental areas due to the usual congestion in those areas by reason of the concentration of war industries.   The pertinent part of the regulations in so far as the present case is concerned is as follows:

"Removal or eviction of a tenant of the vendor, for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after the effective date of regula-

tion (or on or after October 20th, 1942, where the effective date of regulation is prior to that date, or on or after November 6th, 1942, for housing accommodations within the Hastings Defense-Rental Area) is inconsistent with the purposes of the act and this regulation and would be likely to result in the circumvention or evasion thereof, unless (i) the payment or payments of principal made by the purchaser, excluding any payments made from funds borrowed for the purpose of making such principal payments, aggregate 33 1/3% (since by regulation reduced to 20%, parenthesis mine) or more of the purchase price, and (ii) a period of three months has elapsed after the issuance of a certificate by the Administrator as hereinafter provided. For the purposes of this paragraph (b) (2), the payments or principal may be made by the purchaser conditionally or in escrow to the end that they shall be returned to the purchaser in the event the Administrator denies a petition for a certificate. If the Administrator finds that the required payments of principal have been made, he shall, on petition of either the vendor or purchaser, issue a certificate authorizing the vendor or purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law at the expiration of three months after the date of issuance of such certificate.

"In no other case shall the Administrator issue a certificate for occupancy by a purchaser who has required his rights in the housing accommodations on or after the effective date of regulation (or on or after October 20th, 1942, where the effective date of regulation is prior to that date, or on or after November 6th, 1942, for housing accommodations within the Hastings Defense-Rental Area) unless he finds (i) that the vendor has or had a substantial necessity requiring the sale and that a reasonable sale or disposition of the accommodations could not be made without removal or eviction of the tenant, or (ii) that other special hardship would result, or (iii) that equivalent accommodations are available for rent, into which the tenant can move without substantial hardship or loss; under such circumstances the payment by the purchaser of 33 1/3% (now 20%, parenthesis mine) of

the purchase price shall not be a condition to the issuance of a certificate, and the certificate may authorize the vendor or purchaser, either immediately or at the expiration of three months, to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law."

It is at once apparent upon reading of the Act of Congress authorizing the formulating and enforcement of these rules that the same is a war measure and as such is a power vested in Congress under its enumerated powers. Article 1, section 8, United States Constitution, subsections 10 and 17, the latter section being a general power to make laws carrying into execution its other powers. *Ex parte Curtis,* 106 *U. S.* 371; 1 *S. Ct.* 381.

The law under which the plaintiff contends exempts it from complying with the regulation established by the Office of Price Administration is a part of the "Independent Offices Appropriation Act 1944, chapter 145, Public Laws 90, approved June 26th, 1943, making certain appropriations to various federal agencies for the fiscal year 1944. In particular it makes an appropriation to the Federal Home Loan Bank Board, Federal Savings and Loan Insurance Corporation and Home Owners' Loan Corporation. A reading of the bill discloses it is purely an appropriation for the operation of these agencies. The act has not even a taint of being a war emergency measure. In the bill is tacked the following proviso: "Provided further, that notwithstanding any order of regulation issued by the Office of Price Administration, the Home Owners' Loan Corporation is authorized to dispose of any real property to which such corporation has title upon such terms and conditions as the Federal Home Loan Bank Commissioner determines will expedite the orderly liquidation of such real property." 57 *Stat.* 186; 12 *U. S. C. A.*, § 1463, *note.*

Unless the Act of Congress *supra* is a war measure or one to carry into execution a war measure, by what authority is this proceeding brought before this court exempting the plaintiff from compliance with the O. P. A. regulations in the same manner as any other corporation or citizen of the United States?

Article 10, United States Constitution, provides as follows: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or the people." Under the Tenth Amendment to the Constitution every state of the Union or the people possess every power of civil government, the exercise of which, is not in conflict with the powers delegated to the United States or prohibited to the states. *United States Fidelity and Guaranty Co.* v. *Bramwell,* 108 *Or.* 261; 217 *Pac. Rep.* 332; 32 *A. L. R.* 829.

Due to the conditions which have arisen because of present war and its far reaching effects its citizenry must forego for the duration of this war many of the liberties, privileges and comforts so sacred to every free man. The surrender of the rights must even in these perilous times be based upon reason and must be justifiable. Let us analyze the condition which exists by the United States Government applying two sets of rules to its citizens. The Home Owners' Loan Corporation has a tenant in one of its houses. That same tenant must move upon thirty days' notice. The tenant who was to be protected by a law passed because of national emergency actually finds himself with his family and his household goods deprived of shelter or compelled to store his goods. It will take him at east three months and perhaps four or even five months to gain possession of premises he desires to occupy.

I am firmly convinced it was neither the design nor intent of Congress in the passage of chapter 145, Public Laws 90 of the 78th Congress to grant any special privilege or immunity to the Home Owners' Loan Corporation in the compliance with the provisions of the rent regulations in the dispossession of tenants as it would be contrary to the general purpose for which Congress established the Office of Price Administration, giving to that office very broad administrative powers.

There is no proof before this court the Federal Home Loan Bank Commissioner has established any rule providing for the dispossession of tenants occupying houses sold by the Home Owners' Loan Corporation without the compliance with the O. P. A. regulations *supra.*

I am of the opinion the proviso contained in chapter 145, Public Laws 1943, authorizing the Federal Home Loan Bank Commissioner to dispose of real property upon such terms and conditions as the Federal Home Loan Bank Commissioner determines, does not exempt the Home Owners' Loan Corporation from complying with the regulations as to the dispossessoin of tenants.

I am of the opinion that if Congress did intend to vest the Federal Home Loan Bank Commissioner with authority to establish regulations contrary to the provisions of section 6 of the O. P. A. regulations, in so far as the same applies to the dispossession of tenants is concerned, it is unconstitutional in that it vests the Federal Home Loan Bank Commissioner with powers which are not carrying out the prosecution of the war or a war emergency measure and therefore is an invasion of a private right which can only be regulated by the State.

Therefore, for the above reasons application of the plaintiff for possession of the demised premises will be denied.